UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA RENEE KELLY,<br><br>Plaintiff,<br><br>v.<br><br>CUBESMART, et al.,<br><br>Defendants. | Case No. 22-cv-05470-HSG<br><br>**ORDER GRANTING MOTION TO STRIKE, GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS, AND DENYING MISCELLANEOUS MOTIONS**<br><br>Re: Dkt. Nos. 16, 18, 19, 21, 26, 27, 33, 45, 57, 61, 73, 75, 81, 82, 83, 86 |

Before the Court are Defendants' motions to dismiss and to strike, as well as several motions filed by Plaintiff, who is representing herself. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). The Court **GRANTS** the Lewis Brisbois Defendants' motion, Dkt. No. 33, **GRANTS IN PART** and **DENIES IN PART** the CubeSmart Defendants' motion, Dkt. No. 27, and **DENIES** Plaintiff's motions, Dkt. Nos. 16, 18–19, 21, 26, 45, 57, 61, 73, 75, 81–83, 86.

**I.    BACKGROUND**

Plaintiff's case arises out of the sale of her personal property at auction by Defendant CubeSmart, a self-storage facility company. *See* Dkt. No. 22-1 ("SAC") ¶¶ 2, 6, 20–21, 31, 38, 46, 123; Dkt. No. 1-5 at 2–5.[1] Plaintiff entered into a rental agreement for a storage unit in December 2018. SAC ¶ 34; Dkt. No. 1-5 at 18–21. According to Plaintiff, the property she stored in her unit was worth $15,000. SAC ¶ 35; Dkt. No. 1-5 at 3, 44–45. Plaintiff alleges that

---

[1] Because Plaintiff's amended complaint refers to exhibits filed with her initial complaint, the Court considers these accompanying documents. *See* Dkt. No. 1-4 at 27–28 (Exhibit List). For ease of reference, the Court refers to the PDF pages rather than internal pagination unless otherwise noted.

throughout her rental term, she was in close contact with CubeSmart, frequently retrieved items, and always paid rent, late charges, and fees. SAC ¶¶ 36–37.

Plaintiff asserts that while she was out of state taking care of her elderly mother, Defendants placed a lien on her property with the intent of selling it at auction. *Id.* ¶¶ 36–38; Dkt. No. 1-5 at 4–5; Dkt. No. 1-7 at 3–4. The allegations in the complaint are a bit difficult to interpret, but Plaintiff's exhibits make clear that she asserts Defendants never sent notification of lien or sale as required by law. SAC ¶¶ 2, 20, 31, 46, 50; Dkt. No. 1-5 at 2–5, 29, 32; Dkt. No. 1-7 at 3–4. Plaintiff attaches to her complaint a demand letter, Dkt. No. 1-5 at 4–5, and email sent to Josh Branum, CubeSmart general manager, in which she requested proper documentation and was told he was "unable to provide those specific documents," *id.* at 32–33. Plaintiff wrote "after several attempts to request proper procedural documentation via telephone and in writing, I was informed that I had 'no rights.'" Dkt. No. 1-5 at 4; SAC ¶¶ 2, 99. Plaintiff asserts that she pleaded with Defendants but was denied access to personal identifying information for her and her children, including tax, banking, and business documents. Dkt. No. 1-5 at 2; SAC ¶¶ 24, 58–59.

Plaintiff alleges that Defendants discriminated against her based on her race and gender. *See* SAC ¶¶ 1–2, 4. Plaintiff brings causes of action for violations of the Unruh Civil Rights Act, Bane Act, and Ralph Act, unlawful contracts in business establishments, negligent infliction of emotional distress, and punitive damages. *Id.* ¶¶ 44–125. Plaintiff also repeatedly references the California Self-Service Storage Facility Act, breach of contract, and conversion of property. *See, e.g.*, *id.* ¶¶ 2–3, 7, 22, 31, 39, 46, 55, 58, 82–83, 88.

Plaintiff filed her initial complaint in Alameda County Superior Court, and the CubeSmart Defendants removed to this Court.[2] Dkt. No. 1. Plaintiff has since added as Defendants the attorneys and law firm involved in the representation of CubeSmart: Jessica Pliner, Johanna Templeton, and Lewis Brisbois Bisgaard & Smith LLP ("Lewis Brisbois Defendants").

---

[2] The Cubesmart Defendants are Cubesmart, Cubesmart L.P., and Cubesmart Management, LLC.

## II. LEGAL STANDARD

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Additionally, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). A "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). However, even a "liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled." *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are bound by the rules of procedure," *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), which require "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a).

Even if the Court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted). Where leave to amend is appropriate, "before dismissing a pro se complaint the district court must provide the litigant with

1  notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity
2  to amend effectively." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

### III.  DISCUSSION

#### A.  Lewis Brisbois Defendants

The Lewis Brisbois Defendants move to strike under California's "Anti-SLAPP" statute, arguing they are protected by litigation privilege. *See* Dkt. No. 33 at 12–16. The Court agrees, **GRANTS** the motion, and does not reach the remaining arguments for dismissal.[3]

California's "Anti-SLAPP" statute requires the defendant to make a threshold showing that the suit arises from protected activity, at which point the burden shifts to the plaintiff to demonstrate a probability of prevailing on the claim. *See Hilton v. Hallmark Cards*, 599 F.3d 894, 903 (9th Cir. 2010); Cal. Code Civ. P. § 425.16(b)(1).

First, the Court finds the claims against the Lewis Brisbois Defendants arise from protected activity, as courts routinely hold that the anti-SLAPP statute "protects lawyers sued for litigation-related speech and activity." *Thayer v. Kabateck Brown Kellner LLP*, 207 Cal. App. 4th 141, 154 (Cal. Ct. App. 2012) (collecting cases); *see also Mogan v. Sacks, Ricketts & Case LLP*, No. 21-CV-08431-TSH, 2022 WL 94927, at *11 (N.D. Cal. Jan. 10, 2022). This includes "not only the conduct of litigation but also acts and communications reasonably incident to litigation," including settlement negotiations or communications in anticipation of filing. *Bonni v. St. Joseph Health Sys.*, 11 Cal. 5th 995, 1024–25 (Cal. 2021). Thus, "all communicative acts performed by attorneys as part of their representation of a client in a judicial proceeding or other petitioning context are per se protected as petitioning activity by the anti-SLAPP statute." *Kulkarni v. Upasani*, 659 F. App'x 937, 940 (9th Cir. 2016) (quoting *Cabral v. Martins*, 177 Cal. App. 4th 471, 480 (Cal. Ct. App. 2009)). Plaintiff's allegations against the Lewis Brisbois Defendants relate only to their representation of CubeSmart in this case. *See* SAC ¶¶ 15, 23, 38, 47, 66–67, 93, 100; *see also* Dkt. No. 37. For example, Plaintiff alleges that they instructed CubeSmart not to

---

[3] The Court **DENIES AS MOOT** the Lewis Brisbois Defendants' request for judicial notice, as the Court did not rely on the document. Dkt. No. 34.

4

release information, "condoned" its conduct, committed perjury in court filings, and "corruptly offered" $7,500 to settle the case. *See id*; Dkt. No. 37 at 6, 9.

Second, the Court finds Plaintiff has not shown a reasonable probability of prevailing on her claims against the Lewis Brisbois Defendants—nor can she—because the alleged conduct is covered by California's litigation privilege. *See* Cal. Civ. Code § 47(b). The privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that ha[s] some connection or logical relation to the action." *Mandel v. Hafermann*, 503 F. Supp. 3d 946, 963 (N.D. Cal. 2020) (quoting *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990)). As explained, the allegations against the Lewis Brisbois Defendants relate only to communications made as part of this litigation, including efforts to resolve the case, client advice, and statements in filings. The Court's conclusion is consistent with the policy underlying the litigation privilege, in part to "encourag[e] attorneys to zealously protect their clients' interests" by "protect[ing] them from the fear of subsequent derivative actions for communications made in the context of judicial proceedings." *Edwards v. Centex Real Est. Corp.*, 53 Cal. App. 4th 15, 30 (1997).

The Court thus **GRANTS** the Lewis Brisbois Defendants' Anti-SLAPP motion and **STRIKES** the allegations against them.

### B. CubeSmart Defendants

The CubeSmart Defendants move to dismiss under Rule 12(b)(6) for failure to state a claim and to strike Plaintiff's prayer for punitive damages under Rule 12(f).[4] *See* Dkt. No. 27.

#### i. Violations of California's Self-Service Storage Facilities Act

California's Self-Service Storage Facilities Act, Cal. Bus. & Prof. Code §§ 21701–21716, governs the relationship between owners and occupants of self-service storage facilities. *See Nist v. Hall*, 24 Cal. App. 5th 40, 44–45 (Cal. Ct. App. 2018). Under the Act, rental contracts for

---

[4] The Court **DENIES** the CubeSmart Defendants' request for judicial notice of the purported auction sale notice and certificate of mailing. *See* Dkt. No. 28. Plaintiff plainly contests the authenticity of the sale notice and asserts notice was not sent. See Dkt. No. 37 at 6. The remaining requests are **DENIED AS MOOT** as the Court need not take judicial notice of filings in this case.

5

storage facilities must contain "a statement that the occupant's property will be subject to a claim of lien and may even be sold to satisfy the lien if the rent or other charges due remain unpaid for 14 consecutive days[.]" *Id.*; (quoting Cal. Bus. & Prof. Code. § 21712(a)).

When rent or other charges have remained unpaid for 14 consecutive days, the owner may terminate the occupant's right to use the storage space by sending a preliminary lien notice that meets certain requirements. *See* Cal. Bus. & Prof. Code §§ 21703, 21704 (providing sample notice). Among other things, the notice must advise that the occupant's rights will terminate on a specified date at least 14 days after the notice is mailed unless all sums are paid. *Id.* § 21703(b). The notice must be sent by certified mail, first-class mail with a certificate of mailing, or email *if* certain requirements are met. *Id.*; *see also id.* § 21712(c). If the amount is not paid by the termination date, a lien attaches and the owner may (1) deny the occupant access, (2) enter the space, or (3) remove property. *Id.* § 21705. At that point, the owner must send a second notice of lien sale that meets additional requirements. *Id.* The notice of sale must include a "declaration in opposition to lien sale" that the occupant may fill out and return. *Id.* § 21705(b)(2). If the declaration is not completed by the occupant, the owner may sell the property after publishing advertisement of the sale for two weeks. *Id.* §§ 21706, 21707.

The owner may not sell the property if the owner pays the amount necessary to satisfy the lien plus one month's advance rent before the deadline. *Id.* § 21709. Further, if the owner receives a valid declaration in opposition to the lien sale, the property may not be sold except by court order granting the owner judgment in favor of the lien. *Id.* § 21710.

Liberally construed, Plaintiff sufficiently alleges violations of the Self-Service Storage Facilities Act that support claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and conversion of property.[5] *See Milwicz v. Pub. Storage*, No. B212266, 2010 WL 892298, at *4–6 (Cal. Ct. App. Mar. 15, 2010) (finding allegations of "failure to give the

---

[5] Although Plaintiff does not explicitly bring these claims as separate causes of action, Plaintiff's allegations support them. *Hernandez v. Lopez*, 180 Cal. App. 4th 932, 939–40 (Cal. Ct. App. 2009) (finding trial court erred by failing to construe plaintiffs' allegation that defendant stole plaintiffs' business as a conversion claim).

notice required by the statute and contract, a sale of [plaintiff's] personal property items without such proper notice, and conduct that denied him the benefits of the contract" sufficient).

The elements of a breach of contract claim are: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (Cal. 2011). Further, "[e]very contract imposes on each party a duty of good faith and fair dealing in each performance and in its enforcement." *Carson v. Mercury Ins. Co.*, 210 Cal. App. 4th 409, 429 (Cal. 2012) (quotations omitted). The covenant exists to ensure that "neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Id.* (quotations omitted). Finally, conversion of property is the wrongful exercise of dominion over personal property of another. *Hernandez v. Lopez*, 180 Cal. App. 4th 932, 939 (Cal. Ct. App. 2009). The elements are (1) ownership or right to possession of the property; (2) wrongful disposition of the property right; and (3) damages. *Id.*

Plaintiff essentially asserts that Defendants intentionally failed to comply with notice requirements, withheld information, and sold her property in violation of the Self-Service Storage Facilities Act, as Plaintiff made clear in her communications with Defendants. *See* SAC ¶¶ 2–3, 20, 25, 31, 38, 46, 50, 55; Dkt. No. 1-5 at 2–5, 29. Plaintiff's rental agreement incorporated the necessary statement from the Act, stating that the contents may be sold to satisfy the lien "as authorized by the Act." *See* Dkt. No. 1-5 at 19. Thus, selling Plaintiff's property in a manner not authorized may constitute a breach of contract itself. Plaintiff's allegations are thus sufficient at this stage to support claims for breach of contract, breach of the duty of good faith and fair dealing, and conversion of property. *See Milwicz*, 2010 WL 892298, at *4–6.

Defendants argue in part that they did not breach the lease with Plaintiff and that they had "every right to auction off Plaintiff's unit." Dkt. No. 27 at 14–15. Whether Defendants' actions actually complied with the Act is a factual question for another day.

### ii.  Unruh Act, Ralph Act, & Bane Act

The Unruh Act prohibits business establishments from discriminating based on protected characteristics, including race and sex. Cal. Civ. Code §§ 51(a), (b). To state a claim under the

7

Unruh Act, a plaintiff must allege: "(1) she suffered discrimination in a business establishment; (2) her protected status was a motivating factor; (3) the defendant's action was the result of its intentional discrimination against the plaintiff; and (4) the wrongful conduct caused her to suffer injury." *H.M. v. Cnty. of Kern*, No. 120CV1339JLTBAKBAM, 2022 WL 286614, at *3 (E.D. Cal. Jan. 31, 2022) (quotations omitted). Plaintiff's allegations related to discrimination are conclusory and fail to raise a reasonable inference that race or sex was a motivating factor for Defendants' alleged wrongdoing. Plaintiff does not point to any comments, conduct, or instances where others were treated differently that would support her claims. *See, e.g.*, SAC ¶¶ 1, 4, 8, 22, 25, 37–39, 44–53. Plaintiff's claim under the Ralph Act, Cal. Civ. Code. § 51.7, fails for the same reason. *See Gabrielle A. v. Cnty. of Orange*, 10 Cal. App. 5th 1268, 1291 (Cal. Ct. App. 2017).

The Ralph Act and Bane Act claims fail for the additional reason that Plaintiff fails to allege any violence or threats of violence. *See id.* at 1289–91; *Julian v. Mission Cmty. Hosp.*, 11 Cal. App. 5th 360, 395 (Cal. Ct. App. 2017). Plaintiff vaguely refers to threats and intimidation, but does not explain what this conduct consisted of. *See, e.g.*, SAC ¶¶ 1, 23, 38; *Martinez v. Extra Space Storage, Inc.*, No. C 13-00319 WHA, 2013 WL 1390412, at *3 (N.D. Cal. Apr. 4, 2013) (dismissing Bane Act claim based on locking an occupant out of storage unit before a lien sale).

Because the Court cannot conclusively determine that leave to amend would be futile, Plaintiff's Unruh Act, Ralph Act, and Bane Act claims are **DISMISSED** with leave to amend.

### iii. Unlawful Contracts

The Court is unsure what to make of Plaintiff's "unlawful contracts" claim. Plaintiff cites sections of California law that prohibit exculpatory and non-disparagement clauses. Cal. Civ. Code §§ 1668, 1670.8. Plaintiff alleges that the contract was never signed by management and that Defendants misrepresented that her $15,000 worth of property would be protected despite the $5,000 cap in the policy. SAC ¶¶ 73–85.

Because Plaintiff refers to "breach of contract" numerous times in this portion of the complaint, the Court notes that an illegal contract would be void and thus would not sustain a breach of contract claim. *See Missakian v. Amusement Indus., Inc.*, 69 Cal. App. 5th 630, 644 (2021) ("A void contract is no contract at all; it binds no one and is a mere nullity. Consequently,

8

1  such a contract cannot be enforced." (quotations omitted)).  Regardless, the Court also notes that
2  the "absence of signatures does not render the Contract unenforceable" where the parties
3  "conducted themselves as though they had an agreement."  *Vita Plan. & Landscape Architecture,*
4  *Inc. v. HKS Architects, Inc.*, 240 Cal. App. 4th 763, 773 (Cal. Ct. App. 2015).

5  Based on Plaintiff's language, it appears she may be trying to bring a claim for fraudulent
6  inducement.  *See* SAC ¶ 80 ("If [Plaintiff] had known the true facts, Plaintiff . . . would not have
7  provided [Defendants] with payments and authority over personal property under the contract.").
8  Fraud in the inducement "is a subset of the tort of fraud" that occurs when "the promisor knows
9  what he is signing but his consent is induced by fraud."  *Hinesley v. Oakshade Town Ctr.*, 135 Cal.
10 App. 4th 289, 294–95 (Cal. Ct. App. 2005))  The elements of fraud are "(a) a misrepresentation
11 (false representation, concealment, or nondisclosure); (b) scienter or knowledge of its falsity; (c)
12 intent to induce reliance; (d) justifiable reliance; and (e) resulting damage."  *Id.* at 294.  Plaintiff
13 has not adequately alleged the elements of fraud, even liberally construed.  Plaintiff alleges she
14 was told her $15,000 worth of property "would be protected" under the agreement.  SAC ¶ 75.
15 This allegation alone does not establish a misrepresentation, knowledge, or justifiable reliance.
16 Plaintiff does not assert, for example, that she was told her property would be "protected" even if
17 she violated the terms of her contract, which expressly states her property may be sold if rent or
18 other charges remain unpaid.  *See* Dkt. No. 1-5 at 19.

19 Because the Court cannot conclusively determine that leave to amend would be futile,
20 Plaintiff's unlawful contract claim is **DISMISSED** with leave to amend.  To the extent Plaintiff
21 brings a breach of contract claim, the motion to dismiss is **DENIED** for reasons explained above.

### iv. Negligent and Intentional Infliction of Emotional Distress

23 Because Plaintiff asserts Defendants' acts were "not done by accident or through some
24 justifiable negligence," the Court construes her claim as one for *intentional* infliction of emotional
25 distress.  *See* SAC ¶¶ 102, 124; *Edwards v. U.S. Fid. & Guar. Co.*, 848 F. Supp. 1460, 1466 (N.D.
26 Cal. 1994), *aff'd*, 74 F.3d 1245 (9th Cir. 1996) ("[W]here the conduct alleged is intentional, it
27 cannot be used as a basis for a negligent infliction of emotional distress claim.").

To state a claim for intentional infliction of emotional distress, a plaintiff must allege that "(1) the defendant engaged in extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, severe emotional distress to the plaintiff; (2) the plaintiff actually suffered severe or extreme emotional distress; and (3) the outrageous conduct was the actual and proximate cause of the emotional distress." *Ross v. Creel Printing & Publ'g Co.*, 100 Cal. App. 4th 736, 744 (Cal. Ct. App. 2002).

Liberally construed and viewed in the light most favorable to Plaintiff, her allegations are sufficient at this stage. *See Ragland v. U.S. Bank Nat'l Assn.*, 209 Cal. App. 4th 182, 203–05 (Cal. Ct. App. 2012) (finding, at summary judgment, a genuine issue of triable fact as to whether inducing lender to default on her home and selling it was extreme and outrageous). Plaintiff alleges that Defendants "knew that [they] could turn a profit by convincing the consumer that she had no rights to property at CUBEMSART . . . and that full disclosure . . . would limit the amount of money Defendants would make selling Plaintiff['s] storage property in California." SAC ¶¶ 102, 124. In essence, Plaintiff asserts that Defendants waited until she was out of state taking care of her mother, intentionally failed to notify her of the lien and auction of her property in violation of statutory requirements, then withheld information from her and told her she had no rights so they could proceed with the auction. She further alleges that she suffered emotional anguish, that she repeatedly pleaded with Defendants but was refused access to sensitive documents belonging to her and her children, and presumably lost $15,000 worth of property. *See, e.g.*, SAC ¶¶ 24, 56, 59, 102, 124. Whether Plaintiff has adequate evidence to actually prove the elements of an intentional infliction of emotional distress claim remains to be seen, at trial or at the summary judgment stage.

### v. Punitive Damages

The CubeSmart Defendants seek to strike Plaintiff's prayer for punitive damages under Rule 12(f). *See* Dkt. No. 27 at 15–17. But Defendants are clearly attempting to challenge the substantive sufficiency of Plaintiff's allegations in support of punitive damages. Use of a Rule 12(f) motion for this purpose is improper. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974–76 (9th Cir. 2010) ("Rule 12(f) does not authorize district courts to strike claims for

10

damages on the ground that such claims are precluded as a matter of law."). The Court thus **DENIES** the request to strike.

### C. Plaintiff's Motions

In violation of the Court's order prohibiting further filings, *see* Dkt. No. 30, Plaintiff has filed numerous motions that are unnecessary, premature, or have no basis in the local or federal rules. The Court rules as follows:

- The motions for leave to proceed in forma pauperis are **DENIED AS MOOT**. Dkt. Nos. 16, 19. Plaintiff does not need to file an IFP application because her case was removed from state court by Defendants.

- Plaintiff's motions for default judgment are **DENIED**. Dkt. Nos. 18, 21. As the Clerk explained, Defendants had 14 days after service of the amended complaint to respond, and the Clerk declined to enter default. *See* Dkt. No. 20. Defendants are actively defending this case, and default judgment is not appropriate. *See* Fed. R. Civ. P. 55(a)-(b) (describing two-step process of entry of default and entry of default judgment against a party who "has failed to plead or otherwise defend").

- Plaintiff's motion to compel production of documents is **DENIED**. Dkt. No. 26. There is no indication that the parties have held a 26(f) conference or conferred to attempt to resolve the dispute. *See* Civil. L. R. 37-1 ("The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues."); Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . .").

- Plaintiff's administrative motions to strike Defendants' filings are **DENIED**. Dkt. Nos. 45, 57.

- Plaintiff's motion to intervene is **DENIED**. Dkt. No. 61. Plaintiff is already a party to this case. *See* Fed. R. Civ. P. 24.

- Plaintiff's motions regarding the Court's orders granting substitution of attorney are **DENIED**. Dkt. No. 73, 75, 81, 82, 86. Substitution of attorney is permitted under the local rules, and is not a basis for an objection by the opposing party. *See* Civ. L. R. 5(c)(2).

- Plaintiff's motion for recusal is **DENIED**. Dkt. No. 83. This Court has already denied Plaintiff's request to reassign the case. *See* Dkt. No. 52. As explained, the Court's rulings may be raised on eventual appeal, but are not a valid basis for a motion for recusal. *See United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (noting that the basis for recusal generally requires something other than rulings, opinions formed, or statements made by the judge during proceedings).

11

- As a final note, Plaintiff repeatedly accuses Defendants' counsel of criminal misconduct, apparently because she contacted Plaintiff to discuss settlement before the case management conference. *See, e.g.*, Dkt. No. 37 at 8–9. The Court notes that the parties may discuss settlement at any time.

## IV.   CONCLUSION

The Court **GRANTS** the Lewis Brisbois Defendants' motion to strike and the allegations against them are **STRICKEN**. Dkt. No. 33. Defendants Lewis Brisbois Bisgaard & Smith LLP, Jessica Pliner, and Johanna Templeton are **DISMISSED** with prejudice and without leave to amend.

The Court **GRANTS IN PART** and **DENIES IN PART** the CubeSmart Defendants' motion. Dkt. No. 27. Plaintiff's breach of contract, breach of the covenant of good faith and fair dealing, conversion, intentional infliction of emotional distress, and request for punitive damages may continue. Plaintiff's Unruh Act, Bane Act, Ralph Act, unlawful contract, and negligent infliction of emotional distress claims are **DISMISSED** with leave to amend. Any amended complaint must be filed within twenty-eight days from the date of this order.

Plaintiff's motions and administrative motions are **DENIED**. Dkt. Nos. 16, 18–19, 21, 26, 45, 57, 61, 73, 75, 81–83, 86.

The Court advises Plaintiff that the Legal Help Center provides free information and limited-scope legal advice to pro se litigants in civil cases. The center can provide information, advice, and basic legal help but cannot represent litigants as their lawyer. Services are provided by appointment only. An appointment may be scheduled by calling (415) 782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: 6/21/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge