UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA RENEE KELLY,<br><br>   Plaintiff,<br><br> v.<br><br>CUBESMART, et al.,<br><br>   Defendants. | Case No. 22-cv-05470-HSG<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

For the reasons explained below, the Court DISMISSES Pro Se Plaintiff Cynthia Kelly's case for failure to prosecute.

I. **BACKGROUND**

This case was removed to this district on September 26, 2022. Dkt. No. 1. Defendants moved to dismiss and strike on November 9 and November 16, 2022. Dkt. Nos. 27, 33. On June 21, 2023, the Court granted the Lewis Brisbois' Defendants' motion to strike, granted in part and denied in part the Cubesmart Defendants' motion to dismiss, and denied the Cubesmart Defendants' motion to strike. Dkt. No. 87. The Court gave Plaintiff 28 days to file any amended complaint as to any claims for which leave to amend was granted. *Id.* The Court notified Plaintiff of the Court's Legal Help Center for pro se litigants, and has done so again since. *Id.*; *see also* Dkt. No. 124. On July 21, 2023, the Court denied various other motions Plaintiff had filed. Dkt. No. 97.

Plaintiff did not file an amended complaint by the deadline, or ever. Nor did she file anything confirming that she declined to amend the complaint and wanted to proceed on what remained following the Court's dismissal order. Instead, she has submitted a series of filings essentially protesting the Court's decisions and expressing in one form or another her "objection" to participating in the case. *See, e.g.,* Dkt. 119 at 1; Dkt. No. 121 at 2-3. Plaintiff appealed the

1  Court's June 21 and July 21, 2023 orders, and the Ninth Circuit dismissed the appeal for lack of
2  jurisdiction on September 28, 2023, finding that neither ruling was a final appealable order.  Dkt.
3  No. 118.

4       In the July 21, 2023 order, the Court set a case management conference for September 26,
5  2023, with case management statements due on September 19.  Dkt. No. 97.  Defendants timely
6  filed their case management statement, Dkt. No. 115, but Plaintiff did not file her statement on
7  time (or ever).  Defendants also appeared as ordered at the case management conference, but
8  Plaintiff did not.  Dkt. No. 116.  The Court explained that it would set another case management
9  conference after the Ninth Circuit ruled on Plaintiff's appeal, which she had filed on September 5.
10 *Id.*

11      As noted above, the Ninth Circuit dismissed the appeal on September 28, 2023.  Dkt. No.
12 118.  The Court scheduled a case management conference for October 17, 2023, with case
13 management statements due by October 10.  Dkt. No. 117.  The Court then continued the case
14 management conference to October 23, and the statement deadline to October 16.  Dkt. No. 120.
15 Defendants again timely filed their case management statement, Dkt. No. 122, and Plaintiff again
16 did not file hers on time (or ever).  Given Plaintiff's filing of yet another document on October 16
17 protesting the Court's handling of her case and lodging an "objection to participate," Dkt. No. 121,
18 the Court again continued the case management conference to November 14.  Dkt. 123.  The
19 Court then issued an order explaining that Plaintiff is required to comply with the Court's orders,
20 making clear that disagreement with those orders is not a basis for not following them, and
21 advising Plaintiff that if she did not timely submit her case management statement by November 7
22 and appear at the case management conference on November 14 to discuss the plan and schedule
23 for the case, the Court would dismiss her case for failure to prosecute.  Dkt. No. 124.  It is clear
24 that Plaintiff received and reviewed this order, because she referenced it in a "response" and
25 "objection" filed on October 25 citing, among other authorities, *Brown v. Board of Education* and
26 the First, Fifth and Fourteenth Amendments.  Dkt. No. 126 at 1-2.

27      Plaintiff failed to appear at the November 14, 2023 case management conference.  Dkt. No.
28 128.

## II. LEGAL STANDARD

It is well established that a district court has the authority to dismiss an action because of a plaintiff's failure to comply with court orders or because of a plaintiff's failure to prosecute an action. *See* Fed. R. Civ. P. 41(b); *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010), abrogated on other grounds by *Microsoft Corp. v. Baker*, 137 S. Ct. 1702 (2017). In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors: (1) the public's interest in expeditious resolution of the litigation: (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of actions on their merits; and (5) the availability of less drastic sanctions. *See id.*; *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–63 (9th Cir. 1992) (applying these factors where plaintiff failed to comply with court orders). A Rule 41(b) dismissal must also be supported by a showing of unreasonable delay. *Id*.

## III. DISCUSSION

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). That is true here. Fundamentally, Plaintiff is taking the position that because she disagrees with the Court's handling of her case, she does not have to follow the normal process necessary to move the case forward to a conclusion. As described above, the Court has rescheduled the initial case management conference multiple times, and issued an order explaining to Plaintiff what she needs to do and why. Dkt. No. 124. Because Plaintiff refuses to attend the case management conference or submit the required case management statement, the Court cannot move the case forward, or even talk with the parties about the appropriate schedule and plan for the case. And this stance inherently results in unnecessary delay. The Court finds that Plaintiff's ongoing refusal to participate in the resolution of her own case or to follow the Court's orders contravenes the "public's interest in expeditious resolution of litigation." *See Pagtalunan*, 291 F.3d at 642. This factor weighs in favor of dismissal.

Second, it is "incumbent" upon courts "to manage [their] docket[s] without being subject

1 to routine noncompliance" of litigants. *See id.* (citing *Ferdik,* 963 F.2d at 1261). Moreover, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* As explained above, Plaintiff's noncompliance is making it impossible to conduct the basic steps necessary to move this case forward, including scheduling and discovery planning, and "has consumed some of the court's time that could have been devoted to other cases on the docket." *See Pagtalunan*, 291 F.3d at 642. This factor therefore weighs in favor of dismissal.

Third, in order to prove prejudice, "a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id.* (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131 (citation omitted). In *Malone*, which involved a Rule 41(b) dismissal for failure to comply with a court order, the district court found the plaintiff's excuse for her failure to comply with a pretrial order to be "groundless," justifying dismissal. *Id.* And in *Yourish*, which also involved plaintiffs who failed to obey a court order, the court concluded that the defendants had suffered "sufficient prejudice" where the plaintiffs had only a "paltry excuse" for why they failed to timely amend their complaint. 191 F.3d at 991-92.

Here, Plaintiff is not contending that she tried to comply with the Court's orders but was unable to do so for some valid reason. If that were the case, the situation would be very different. But Plaintiff has been open in her many filings about her belief that because the Court has treated her unfairly, she has an "objection to participat[ing]" at all, Dkt. No. 121 at 1. As the Court has explained, Plaintiff has every right to disagree with the Court's orders, and will have the opportunity to appeal any decision the Court has made at the appropriate time. Dkt. No. 124. But disagreement with the Court's decisions is not a basis for refusing to comply with the Court's orders, which Plaintiff has now done multiple times, all while making it clear that she does not intend to comply based on her feeling that the process has been unfair. *See* Dkt. No. 121 at 3 ("Wherefore, as of September 29, 2023, the PLAINTIFF, Pro Se, exercises constitutional rights

4

1   and civil rights under the Fourteenth Amendment and Fifth Amendment; Therefore, will not
2   participate further in the district federal court discriminatory proceedings offered by the Northern
3   California District Court – Oakland Division, and will proceed with an appeal to the United States
4   Supreme Court . . . ."). This refusal to participate in the timely resolution of the case on the merits
5   is prejudicial to Defendants, and to the judicial process. This factor weighs in favor of dismissal.

Fourth, the Court has attempted to use less drastic alternatives that have proven ineffective. The Court has continued the case management conference multiple times, including once to wait for the resolution of Plaintiff's then-pending appeal, and expressly warned Plaintiff that her case was at risk of dismissal for failure to prosecute. *See* Dkt. Nos. 97, 117, 120, 123, 124. The Court has also notified Plaintiff twice of the assistance available from the Court's pro se Legal Help Center. Dkt. Nos. 87, 124. Most significantly, Plaintiff herself has announced that she declines to participate in the case, meaning that there are no less drastic steps that could result in compliance with the Court's orders and rules. This factor thus weighs in favor of dismissal. *See Ferdik*, 963 F.2d at 1262 (stating that Ninth Circuit authority "suggest[s] that a district court's warning to a party that his [or her] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement").

The last factor—the public policy favoring disposition on the merits—weighs against dismissal here, as it always will even when a party openly fails to prosecute or follow Court orders. *See Pagtalunan*, 291 F.3d at 643.

## IV. CONCLUSION

Having carefully considered all five factors, the Court concludes that dismissal for failure to prosecute and failure to follow the Court's orders is appropriate. The Court thus DISMISSES this case under Fed. R. Civ. P. 41(b). The Clerk shall enter judgment in favor of Defendants, deny all pending motions as moot, and close the case.

**IT IS SO ORDERED.**

Dated: November 17, 2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

5