UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA RENEE KELLY,<br><br>   Plaintiff,<br><br> v.<br><br>CUBESMART, et al.,<br><br>   Defendants. | Case No. 22-cv-05470-HSG<br><br>**ORDER DENYING MOTION FOR RELIEF PURSUANT TO FED. R. CIV. P. 60(B)**<br><br>Re: Dkt. No. 132 |

  Following the Court's dismissal of this case for failure to prosecute, Dkt. No. 129, Plaintiff filed what is styled, among other things, as a request for relief "pursuant to Federal Rules of Civil procedure, Rule 60(a)(b)(1)(2)(3)(c)(d)(3)." Dkt. No. 132. The Ninth Circuit is holding Plaintiff's appeal in abeyance until the Court rules on this motion. Dkt. No. 140. The Court construes Plaintiff's motion as seeking to vacate or correct the judgment under Rule 60, and **DENIES** it.

## I.  LEGAL STANDARD

  Federal Rule of Civil Procedure 60(a) allows the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Federal Rule of Civil Procedure 60(b), in relevant part, provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies

relief." Fed. R. Civ. P. 60(b). Whether to grant relief under Rule 60(b) is a matter of the Court's discretion. *Fantasyland Video, Inc. v. Cnty. of San Diego*, 505 F.3d 996, 1001 (9th Cir. 2007).

discussion

       Fundamentally, Plaintiff's motion does not address the basis for the dismissal order, namely her persistent refusal to appear for a case management conference and otherwise cooperate in the prosecution of her case. *See* Dkt. No. 129. The current motion does not say, for example, that Plaintiff had an emergency or otherwise was unable to comply with the Court's procedures and orders for some reason, and that she is ready to do so now. Instead, to the extent the Court can discern the basis for the filing, it is essentially the same thing Plaintiff has been saying for some time in this case: the Court's rulings are substantively wrong, and she is being treated unfairly, so as to justify her course of conduct.[1] Nothing about these arguments meets the standard for relief under any prong of Rule 60(b), and there is no clerical or other mistake to correct under Rule 60(a). Accordingly, in its discretion, the Court **DENIES** Plaintiff's motion to vacate the judgment.[2]

       **IT IS SO ORDERED.**

Dated: 1/16/2024

                                                 HAYWOOD S. GILLIAM, JR.
                                                 United States District Judge

---

[1] As an example, Plaintiff suggests that the Court "is not truthful, falsification, and accusations against the Plaintiff as not filing an Amended Complaint [sic]," referencing an October 2022 amended complaint. Dkt. No. 132 at 3. But the Court dismissed much of that complaint in June 2023, Dkt. No. 87, and as the Court's order dismissing for failure to prosecute made clear, Plaintiff never filed an amended complaint correcting the deficiencies identified in that order, or appeared at the scheduled case management conference where she could have confirmed that she wished to proceed on what was left of the complaint. Dkt. No. 129 at 1-2.

[2] Plaintiff's motion also includes another "request[] for relief pursuant to 28 U.S. Code §144, Bias or Prejudice of Judge." Dkt. No. 132 at 1. As the Court explained to Plaintiff in its June 2023 order denying her earlier motion for recusal, the fact that Plaintiff disagrees with the Court's rulings does not establish a basis for recusal. Dkt. No. 87 at 11.